# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VERONICA POTESTIVO,

        Plaintiff,

v.                                   CASE NO. 09-10687
                                   HONORABLE DENISE PAGE HOOD

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

This matter is before the court on Magistrate Judge R. Steven Whalen's Report and Recommendation, filed on January 7, 2010. Neither party has filed objections to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge concluded that Plaintiff's Motion for Summary Judgment should be granted and this case should be remanded to the administrative level pursuant to sentence four of § 405(g) for reconsideration of the Residual Functional Capacity (RFC). The Magistrate Judge found that the administrative law judge's (ALJ) failure to include Plaintiff's psychological limitations, as well as the ALJ's selective review of the administrative record in regard to Plaintiff's psychological and physical limitations, tainted the crafting of the hypothetical question and the RFC amounting to reversible error.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge

1

reached the correct conclusion for the proper reasons. The Court concludes that the ALJ's findings were not substantially supported by the record. The Court agrees with the Magistrate Judge that remand is appropriate in this case. The Court finds that a remand under sentence four is appropriate. The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision and sentence six allows a remand for newly discovered evidence. *Id.* at 99-100. Newly discovered evidence is not at issue in this case. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id*. A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302 (citations omitted).

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge R. Steven Whalen [**Docket No. 19, filed January 7, 2010**] is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [**Docket No. 16, filed October 27, 2009**] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [**Docket No. 10, filed July 7, 2009**] is GRANTED.

IT IS FURTHER ORDERED that this matter is closed and remanded for further proceedings consistent with this Order and the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 27, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager